

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

FEB 16 2007

J. T. NOBLIN, CLERK
BY_____DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

UNITED STATES OF AMERICA

        v.                              Criminal Number 3:06-cr-210TSL-LRA

RODNEY CASE,
KEVIN CLARK,
MIKE FULTON,
DOUGLAS MURPHY, and
JAMES WARD

## PROTECTIVE ORDER

This matter having been brought before the Court on Motion of the United States, by and through the United States Attorney's Office, for a protective order pursuant to 18 U.S.C. § 1835 and Fed. R. Crim. P. 16(d)(1); with William McDaniels, attorney for defendant Kevin Clark; Robert McDuff, attorney for defendant Mike Fulton; Edward Blackmon, Jr., attorney for defendant Douglas Murphy; Thomas A. Bergstrom, attorney for defendant James Ward; and Mike Dawkins, attorney for defendant Rodney Case, concurring in the need for the issuance of a protective order to govern pretrial discovery and the treatment of books, papers, documents, digital data and objects obtained prior to trial pursuant to subpoenas issued under Fed.R.Crim.P. 17(c), search warrants and grand jury investigation, and

Whereas the United States and the defendants need to obtain books, papers, documents, digital data and objects during the course of pretrial discovery and prior to trial through party and non-party discovery, including subpoenas issued under Fed.R.Crim.P. 17(c) ("Discovery Material"); and

Whereas the United States contends that certain information in the Discovery Material is confidential and proprietary including, but not limited to, information that may constitute a "trade secret" within the meaning of 18 U.S.C. § 1839(3); and

Whereas, while the defendants do not agree with the United States' characterization of this information, they do recognize the need to begin the process of production of Discovery Material as soon as possible and therefore concur in the need for this Protective Order; and

Whereas the United States and the defendants may need to utilize certain of this information at trial; and

Whereas there is a sufficient basis to authorize entry of a protective order as required by Fed.R.Crim.P. 16(d)(1);

IT IS ORDERED, based on the foregoing representations, that the United States' motion for entry of a protective order is hereby granted; and it is further

ORDERED that the following procedures shall govern handling and use of information obtained by the government or defendants during the course of pretrial discovery, including information obtained in response to subpoenas issued under Fed.R.Crim.P. 17(c) with accelerated return dates:

I.    *Discovery Material; Confidential Discovery Material; Restrictions on Use.*

A.    For the purposes of this Order, Discovery Material shall include all written, recorded, and graphic material in any form or media, and any information or data contained therein, produced to or obtained by any party in connection with this action, whether produced or created by a party or any other person, and whether produced pursuant to the Federal Rules of Criminal Procedure, Federal Rules of Evidence, court order, or by agreement with the party to whom production is made, or obtained by the United States by search warrant,

subpoena or otherwise.  Discovery Material includes, without limitation, books, papers, documents, computerized information, and objects, as well as any pleadings, motions, affidavits, and briefs that contain or disclose Discovery Material.

        B.     Discovery Material shall be used only in accordance with the provisions of this Order, even if the material was previously obtained prior to the filing of the Indictment in this case, provided, however, that such previous access, in and of itself, shall not be construed as a violation of this Protective Order.  Any party may designate previously produced or obtained Discovery Material as Confidential Discovery Material at any time prior to trial by notifying all parties in writing of such designation.

        C.     Discovery Material shall be used for trial, trial  preparation, any plea negotiations, witness preparation, any appeals and for no other purpose whatsoever.  Nothing in this Order shall in any way preclude or restrict the right of any party to use, refer to, or recite any Discovery Material in connection with any pleadings or motions or other papers filed in this action provided that such materials are filed under seal pursuant to paragraph III of this Protective Order.  Specific procedures respecting the use of Discovery Material at trial or at pre-trial or post-trial hearings will be resolved at or before the time of the trial or hearing in question.

        D.     Nothing in this Order shall prevent disclosure beyond the terms of this Order if all parties and the Designating Person consent in writing to such disclosure.

II.     *Permissible Disclosure of Confidential Discovery Material.*

Confidential Discovery Material shall not be shown, revealed, released, disclosed, or communicated to any party or person, directly or indirectly, except as permitted by this Order.  Confidential Discovery Material may be disclosed only to:

(A)     The United States District Court for the Southern District of Mississippi, in accordance with the provisions of paragraph III below.

(B)     Counsel who represent the parties to this litigation and their respective associates, clerks, legal assistants, secretaries, law enforcement agents, and other support staff who are actively engaged in assisting such attorneys in the proceedings in this action, provided that a member of such law firm or United States Attorney's Office shall first execute this Order; such execution shall constitute an agreement by all lawyers in, and regular and temporary employees of, that firm or office to be so bound.

(C)     Experts or consultants retained or consulted in good faith by any party or counsel of record to furnish technical or expert services or to testify in the proceedings in this action, but only to the extent deemed reasonably necessary by counsel to prepare for the proceedings in this action, provided, however, that prior to disclosure any such expert or consultant:

(1)     is provided with a copy of this Order; and

(2)    executes an Affidavit in the form annexed

hereto as Exhibit A, acknowledging that he or she

agrees to be bound by the terms of this Order and

consents to the jurisdiction of the United States

District Court for the Southern District of

Mississippi in connection with all  issues,

disputes, or other matters pertaining to this Order

including, but not limited to, the enforcement

thereof.

Executed Affidavits shall not be provided to opposing counsel but shall be

retained in the files of counsel making the disclosure, subject to order of the Court.

(D)    The defendants to this action, but only to the extent

deemed reasonably necessary by counsel to prepare for the

proceedings in this action, and provided that such materials are

disclosed to and examined by the defendants at defense counsels'

law offices, the Office of the United States Attorney for the

Southern District of Mississippi, or during proceedings in the

United States District Court for the Southern District of

Mississippi. No defendant shall be permitted to take Confidential

Discovery Materials from such premises or to retain Confidential

Discovery Material or copies thereof. Prior to disclosure, such

party shall:

(1)    be provided with a copy of this Order; and

(2)    execute an Affidavit in the form annexed

hereto as Exhibit A, acknowledging that he or she

agrees to be bound by the terms of this Order and

consents to the jurisdiction of the United States

District Court for the Southern District of

Mississippi in connection with all issues, disputes,

or other matters pertaining to this Order including,

but not limited to, the enforcement thereof.

Executed Affidavits shall not be provided to opposing counsel but shall be retained in

the files of counsel making the disclosure, subject to order of the court.

(E)    Clerical and data processing personnel involved in the

production, reproduction, organizing, filing, coding, cataloging,

converting, storing, retrieving, and review of Confidential

Discovery Material, to the extent reasonably necessary to assist a

party or its counsel, provided that counsel making such disclosure

shall inform each such person that the material is confidential and

may not be disclosed or used except as provided in this Order.

(F)    Witnesses deposed, interviewed, or consulted before trial,

and counsel for such witnesses, to the extent that counsel of

record determines such disclosure is necessary to prepare their

case, provided that counsel making such disclosure shall inform

each such person that the material is confidential and may not be

disclosed or used except as provided in this Order and provided

-6-

that each such person shall not be permitted to retain Confidential Discovery Material or copies thereof after being deposed, interviewed, or consulted.  Prior to disclosure, such person shall:

> (1)     be provided with a copy of this Order; and

> (2)     execute the Affidavit in the form annexed hereto as Exhibit A, acknowledging that he or she agrees to be bound by the terms of this Order and consents to the jurisdiction of the United States District Court for the Southern District of Mississippi in connection with all issues, disputes, or other matters pertaining to this Order including, but not limited to, the enforcement thereof.

Executed Affidavits shall not be provided to opposing counsel but shall be retained in the files of counsel making the disclosure, subject to order of the Court.

> (G)     Court reporters of any proceedings in this action.

III.    *Filing Under Seal.*

Any filing or submission to the Court that contains or discloses Confidential Discovery Material shall be filed under seal and shall remain under seal until further order of the Court. Counsel filing or submitting Confidential Discovery Material shall include next to the caption of such filing or submission the words "FILED UNDER SEAL."

-7-

IV.    *Relief From Provisions of This Order.*

Any party may, after conferring with opposing counsel in an effort in good faith to resolve the issues by agreement, apply to the Court for relief from the provisions of this Order.  Nothing herein creates any presumption or constitutes an admission that any particular Confidential Discovery Material should be treated as confidential, or affects any party's right to seek to modify any provision of this Order.  However, all material provided in discovery shall be designated as Confidential Discovery Material and shall be treated as such, regardless of whether the parties have reached agreement that the specific material at issue is in fact confidential or proprietary, or constitutes a trade secret.

V .    *Nonwaiver.*

Nothing herein shall affect any party's or person's right to object to any discovery request or shall be construed to impose any obligation to provide discovery beyond that which is required by applicable law.  Nothing herein shall be construed as an admission by any defendant that any document or information produced in discovery is confidential, proprietary, or a trade secret.  Neither this Order nor defendants' consent to this Order is admissible at trial.  This Order does not constitute a finding by the Court or a determination of any kind concerning whether any document or information offered into evidence at trial is confidential, proprietary, or a trade secret.

VI.    *Subpoenas or Other Discovery Requests.*

If any party or person that has obtained Confidential Discovery Material under the terms of this Order receives a subpoena or other discovery request commanding the production of any such Confidential Discovery Material, such party or person shall within five days notify the party or person who produced the Confidential Discovery Material of the service

-8-

of the subpoena or request. The party or person receiving the subpoena or request shall

thereafter afford the producing party or person at least seven days to seek a protective order or

other relief prior to producing any Confidential Discovery Material.

     VII.   *Maintenance of Confidential Discovery Material.*

     The recipient of any Confidential Discovery Material that is provided pursuant

to this Order shall keep such material in a manner reasonably intended to preserve and maintain

its confidentiality and shall not disclose such material to any other individuals, except in accord

with the terms of this Order.

     VIII.   *Procedure Upon Termination of Litigation.*

     The provisions of this Order shall not terminate at the conclusion of this action.

Within sixty (60) days after the final conclusion of this action by judgment of conviction or

acquittal including any appeals or applications for post-judgment collateral relief which are

filed within sixty (60) days after the entry of any judgment of conviction, all Confidential

Discovery Material, and all documents containing or disclosing Confidential Discovery

Material shall either be returned to the Designating Person or destroyed.  Notwithstanding the

foregoing, in no event shall the return or destruction of Confidential Discovery Material be

delayed longer than three (3) years from the date of the judgment of conviction.  All parties or

persons that received Confidential Discovery Material shall make certification of compliance

with this section and shall deliver same to counsel for the party or person that produced the

Confidential Discovery Material not more than ninety (90) days after the said conclusion.

     IX.   *Inadvertent Production.*

     The inadvertent production of privileged documents or information shall not be

deemed to be either (a) a general waiver of the attorney-client privilege, the work product

doctrine or any other privileges; or (b) a specific waiver of any such privilege with regard to the documents or information being produced or the testimony being given.  Notice of any claim of privilege as to any inadvertently disclosed document or information shall be given after the discovery of the inadvertent disclosure, and any such documents or information shall be promptly returned to the party or non-party which inadvertently produced said documents or information, regardless of any disagreement regarding application of privilege.  Any disagreement as to whether or not the inadvertently produced document or information is or is not privileged shall be resolved by the Court on application made by either the party or non-party which inadvertently produced the document or information, or by the party or non-party to whom the document or information was produced.  While such application to the Court is pending, the documents or information and the contents thereof which are the subject of the application, shall not be divulged.

     X.    *Geographic Limitation.*

     No Confidential Discovery Material may leave the geographic confines of the United States unless it is personally transported under the direct supervision and care of counsel. No Confidential Discovery Material may be faxed, copied, photographed, sketched, excerpted, or reproduced in any other fashion outside the United States, except that Confidential Discovery Material may be copied outside the United States as counsel deem reasonably necessary for use at any depositions in this action that may be taken outside the United States.

XI.     *Court Approval; Effect of Execution.*

The parties agree to seek the Court's approval of this Order. Notwithstanding the pendency of approval by the Court, this Order shall become effective among the signatories immediately upon execution.  If approval by the Court is ultimately denied, no party shall treat any Confidential Material produced prior to that time other than as provided herein. This Order shall be effective as among all parties that have executed it upon such execution, regardless of when each party to the Litigation executes the Order, and whether or not all parties eventually do execute it.

XII.    *Execution in Counterparts.*

This Order may be executed in any number of counterparts, which when taken together shall constitute one and the same instrument. Each party may accept this Order by signing any such counterpart and transmitting such counterpart by facsimile. A signed photocopy or facsimile copy of this Order shall be deemed for all purposes the equivalent of a signed original.

Dated:          February _____, 2007

Dated: _Feb. 16, 2007_          _Mike Dawkins_

Mike Dawkins
Attorney for Rodney Case

Dated: _February 14, 2007_          _William B. McDaniels /MR2_

William E. McDaniels
Attorney for Kevin Clark

Dated: _Feb. 15, 2007_          _MM_

Robert McDuff
Attorney for Mike Fulton

-11-

Dated: _Feb. 15, 2007_

_____
Edward Blackmon, Jr.
Attorney for Douglas Murphy


Dated: _Feb. 16, 2007_

_____
Thomas A. Bergstrom
Attorney for James Ward

_____
Dated: _2/16/07_
Harold H. Brittain
Assistant United States Attorney

SO ORDERED:

_____
Tom S. Lee
United States District Judge

-12-

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


UNITED STATES OF AMERICA

           v.                            Criminal Number 3:06-cr-210TSL-LRA

RODNEY CASE,
KEVIN CLARK,
MIKE FULTON,
DOUGLAS MURPHY, and
JAMES WARD


                                      AFFIDAVIT AGREEING TO BE
                                      BOUND BY PROTECTIVE ORDER
                                      RESTRICTING DISCLOSURE OF
                                      CONFIDENTIAL INFORMATION

STATE OF _____ )
                  _____ ) ss:
COUNTY OF_____ )

       _____ having been duly sworn according to law upon his/her

oath deposes and says:

      1.      I have been requested by _____, through counsel,

to inspect certain material which is Confidential Discovery Material within the terms of the

Protective Order Restricting Disclosure of Confidential Information (the "Order"), agreed to by

the parties and ordered by the Curt in the above captioned action.

      2.      I have read the Order dated _____, 2007 entered in this action,

and I agree to bound by it.


-13-

3.    I understand that violation of the terms of the order may be punished as contempt of court.

4.    I hereby agree to submit to the jurisdiction of the United States District Court for the Southern District of Mississippi for the enforcement of the undertakings I have made.

By:_____

Name:_____

Address:_____

_____

Sworn and subscribed to before me this
_____ day of _____, 2007

_____
Notary Public