**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                    **CRIMINAL NO. 3:06-cr-210-WHB-JCS**

**RODNEY CASE, KEVIN CLARK,
MIKE FULTON, DOUGLAS MURPHEY,
and JAMES WARD**

## OPINION AND ORDER

This cause is before the Court on the parties' objections to two discovery Orders entered by United States Magistrate Judge Linda R. Anderson. The Court has considered Judge Anderson's Orders, the objections made to those Orders, as well as supporting and opposing authorities and finds:

Defendants' Objection to Magistrate's Order Granting Non-Party Eaton Corporation's Motion to Quash Defendants' Rule 17(c) Subpoena [Docket No. 243] is not well taken and should be denied.

Defendants' Appeal to the District Judge from Magistrate Judge's Decision Regarding Discovery of Agents' Rough Notes of Interviews of Defendants [Docket No. 244] is not well taken and should be denied.

United States' Cross-Appeal of Magistrate Judge's Order granting Discovery of Agents' Handwritten Notes [Docket No. 246] is not well taken and should be denied.

## I.  Discussion

A district judge's review of a magistrate judge's ruling on a non-dispositive motion is governed by Rule 72(a) of the Federal Rules of Civil Procedure, which provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 10 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

FED. RULE CIV. P. 72(a).  <u>See</u> <u>also</u> 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); <u>Merritt v. International Bhd. of Boiler Makers</u>, 649 F.2d 1013, 1017 (5th Cir. 1981) ("Pretrial orders of a magistrate under § 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law standard'; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations under § 636(b)(1)(B)."). Thus, upon a timely filed objection, a district judge may modify or set aside a magistrate judge's ruling if that ruling is clearly erroneous or contrary to law.  FED. R. CIV. P. 72(a).

**A.   Defendants' Objection to Magistrate's Order Granting Non-Party Eaton Corporation's Motion to Quash Defendants' Rule 17(c) Subpoena**

On December 21, 2007, Judge Anderson entered an Order by which the Motion and Amended Motion of Eaton Corporation to Quash Defendants' Rule 17(c) Subpoena were granted.  <u>See</u> Docket No. 242. In her Order, Judge Anderson found the subject subpoena should be quashed on the grounds that it was overly broad, oppressive, and unduly burdensome.  The Court has reviewed the subject subpoena and agrees that it overly broad, oppressive, and unduly burdensome. Accordingly, the Court finds that Judge Anderson's decision to quash the subject subpoena under Rule 17(c)(2) of the Federal Rules of Criminal Procedure was not clearly erroneous or contrary to law and, therefore, Defendants' opposition to Judge Anderson's Order should be denied.

**B.   Defendants' Appeal to the District Judge from Magistrate Judge's Decision Regarding Discovery of Agents' Rough Notes of Interviews of Defendants**

**C.   United States' Cross-Appeal of Magistrate Judge's Order Granting Discovery of Agents' Handwritten Notes**

On December 21, 2007, after conducting an *in camera* review, Judge Anderson entered an Order by which Defendants' motion for copies of the handwritten notes taken by FBI agents when interviewing them was granted in part, and denied in part.  <u>See</u> Docket No. 239.  Judge Anderson, relying on <u>United States v. Brown</u>,

3

303 F.3d 582 (5th Cir. 2002), found that the 302 Reports provided by the government "accurately summarized the agents' handwritten notes" that were taken when Defendants Kevin Clark, Mike Fulton, Douglas Murphy, and James Ward were interviewed by the FBI. Based on this finding, Judge Anderson denied Defendants' request for the agents' handwritten notes from those interviews. Judge Anderson, however, could not determine whether the 302 Report accurately summarized the handwritten notes of the agents who interviewed Defendant Rodney Case, because the notes were "confusing". Judge Anderson, therefore, ordered the government to produce the handwritten notes of the agents who had interviewed Rodney Case.

Defendants argue that Judge Anderson's ruling is in error because the government should have been compelled to produce the agents' handwritten notes from all of their interviews under Rule 16(a)(1)(B)(ii). The government argues that Judge Anderson's ruling is in error because it should not have been compelled to produce any of the agents' handwritten notes.

Under Rule 16 of the Federal Rules of Criminal Procedure:

(a)(1)(A)   Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

(B)   Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:

(i) any relevant written or recorded statement by the
defendant if:

• the statement is within the government's possession,
custody, or control; and

• the attorney for the government knows – or through due
diligence could know – that the statement exists;
(ii) the portion of any written record containing the
substance of any relevant oral statement made before or
after arrest if the defendant made the statement in
response to interrogation by a person the defendant knew
was a government agent; and

(iii) the defendant's recorded testimony before a grand
jury relating to the charged offense.

FED. R. CRIM. P. 16(a)(1)(A) & (B). On the issue of whether the

government is required to produce the hand-written notes of

interviewing agents, the Fifth Circuit has held:

Rule 16(a)(1)(A) does not grant a criminal defendant a
right to preparatory interview notes where the content of
those notes have been accurately captured in a type-
written report, such as a 302, that has been disclosed to
the defendant. The government satisfies its obligation
under the Rule when it discloses a 302 report that
contains all of the information contained in the
interview notes. We therefore reject the defendant's
contention that Rule 16(a)(1)(A) entitles a criminal
defendant to preparatory interview notes in every case.

....

We reject the defendant's assertion that Rule 16(a)(1)(C)
requires production of preparatory interview notes in
every case. Preparatory notes are not always, as the
defendant argues, material to the defense. Rather, we
hold that the government fulfills the requirements of
Rule 16(a)(1)(C) when it discloses to the defendant a 302
report that accurately reflects the contents of the
interviewer's rough notes. In such cases, the notes are
not "material" to the defense. Therefore, Rule
16(a)(1)(C) does not, as the defendant maintains, entitle
him to production of the notes without regard to the
accuracy of the 302 that the government disclosed to the
defense.

Brown, 303 F.3d at 590-91 (alterations in original).

Although Defendants moved for production of the agents' handwritten notes under Rule 16(a)(1)(B)(ii), the Court finds no basis for concluding that the Fifth Circuit would apply a different standard to motions under Rule 16(a)(1)(B), than is applied to motions under 16(a)(1)(A) & (C).[1]  Additionally, after comparing the 302 Reports with the agents' handwritten notes, the Court finds that Judge Anderson's decision to compel production of only the handwritten notes taken during the interview of Rodney Case was not clearly erroneous or contrary to law and, therefore, the opposition of both the Defendants and the government to Judge Anderson's Order should be denied.[2]

The government also filed a motion seeking to stay the time period for complying with Judge Anderson's Order pending a decision on the objections taken from that Order.  As the objections have now been considered, the Court finds the motion to stay should be

---

[1]  One of the cases with which the Brown court agreed is United States v. Coe, 220 F.3d 573 (7th Cir. 2000).  In Coe, the United States Court of Appeals for the Seventh Circuit found that the same standard applied to all motions under Rule 16 for an agent's original notes.  See id. at 583 ("[T]he government satisfies the requirements of Rule 16 if it turns over a written report that contains all of the information found in an agent's original notes but does not deliver the notes themselves to the defendant.").

[2]  As the Government's Cross-Appeal of Magistrate Judge's Order Granting Discovery of Agents' Handwritten Notes Court was necessarily decided in conjunction with Defendants' Objection, the Court does not consider the issue of whether the government's pleading was timely.

dismissed as moot.   The government will be permitted ten days in which to produce the handwritten notes as required by Judge Anderson's Order.

## II.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Defendants' Objection to Magistrate's Order Granting Non-Party Eaton Corporation's Motion to Quash Defendants' Rule 17(c) Subpoena [Docket No. 243] is hereby denied.

IT IS FURTHER ORDERED that Defendants' Appeal to the District Judge from Magistrate Judge's Decision Regarding Discovery of Agents' Rough Notes of Interviews of Defendants [Docket No. 244] and the United States' Cross-Appeal of Magistrate Judge's Order Granting Discovery of Agents' Handwritten Notes [Docket No. 246] are hereby denied.

IT IS FURTHER ORDERED that Defendants' Supplement [Docket No. 79] and Second Supplement [Docket No. 123] to their Motion to Compel the Government to Comply with this Court's Discovery Order, Rule 16, and <u>Brady</u>, are denied as moot as the issues raised in these pleadings have already been decided by Judge Anderson.

IT IS FURTHER ORDERED that the Motion of the Government for Extension of Time to Reply in Support of its Cross-Appeal [Docket No. 258] is hereby denied as moot.

IT IS FURTHER ORDERED that the Motion of the Government to Extend Stay [Docket No. 247] is hereby denied.  The government shall produce the agents' handwritten notes from the FBI interview with Rodney Case within ten days of the date on which this Order is entered.

SO ORDERED this the 25th day of April, 2008.


                              s/ William H. Barbour, Jr.
                              UNITED STATES DISTRICT JUDGE