```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

VS.                              CRIMINAL NO. 3:06-cr-210-WHB-JCS

**RODNEY CASE, KEVIN CLARK,
MIKE FULTON, DOUGLAS MURPHEY,
and JAMES WARD**

## OPINION AND ORDER

This cause is before the Court on Defendants' Motion to Preclude Testimony of Government Expert Bruce L. Fuhrman or for <u>Daubert</u> Hearing ("Motion to Preclude"). The Court has considered the Motion, Response, Rebuttal, attachments to the pleadings, as well as supporting and opposing authorities and finds that it is not well taken and should be denied.

### I.  Factual Background and Procedural History[1]

The factual background and procedural history of this case is presented in the Opinion and Order entered by the Court on April 23, 2008 [Docket No. 286], which is incorporated by reference

---

[1] On May 7, 2008, the government filed an interlocutory appeal from the Opinion and Order of this Court by which Counts 1-5, 9, and 12 of the Second Superceding Indictment were dismissed. As the subject Motion to Preclude does not relate to the issue pending on appeal, the Court finds it has jurisdiction to consider the motion.  See <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982)("The filing of a notice of appeal ... divests the district court of its control over those aspects of the case involved in the appeal.").

hereto. Relevant to the Motion to Preclude currently before the Court, the government has designated Bruce L. Fuhrman ("Fuhrman"), an engineer, to offer expert testimony on the issue of whether certain materials allegedly stolen by Defendants constitute trade secrets for the purposes of the Economic Espionage Act ("EEA"), codified at 18 U.S.C. § 1832. Defendants have moved to strike Furhman's testimony arguing (1) he is not qualified to render opinions regarding whether the subject materials are trade secrets, and (2) his opinions are conclusory, unreliable, and prejudicial.

## II.  Standard for Admission of Expert Testimony

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The United States Court of Appeals for the Fifth Circuit has held that when deciding whether expert testimony is admissible, "the court must ensure the expert uses reliable methods to reach his opinions; and those opinions must be relevant to the facts of the case." Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509

U.S. 579, 593-94 (1993)). To determine whether proposed expert testimony is reliable, the Court considers the following, non-exclusive, list of factors: "whether the proposed evidence or theory 'can be (and has been) tested'; whether it 'has been subjected to peer review and publication'; whether it has been evaluated in the light of 'potential rate[s] of error'; and whether the theory has been accepted in the 'relevant scientific community'." Id. (citing Daubert, 509 U.S. at 593-94). The analysis of whether proposed expert testimony is reliable "must remain flexible: not every Daubert factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." Id. (citations omitted).

### III.  Discussion

Defendants seek to exclude the testimony of Furhman, who has been designated by the government as an expert in the area of trade secrets. According to his report, Furhman reviewed certain chapters of the "Inline Pump Handbook", which he describes as "a summary of fluid dynamic and part correlation to Vickers/Eaton pumps and motors." See Mem. in Supp. of Mot. to Preclude [Docket No. 190], Ex. 2. Furhman also reviewed documents related to the "Retention of Bronze Sleeves in Cylinder Blocks"; the "Key Dims" program, which he describes as a "computerized program used to calculate new rotating groups"; and the "Inline Part Matrix", which

he describes as a "summary of dimensions, material and finishes for all critical rotating components of virtually all Vickers/Eaton products." Id. At the conclusion of his report, Furhman offers the following opinion:

> It is my opinion that to a reasonable degree of certainty and based upon my research and experience that the four topics mentioned herein [i.e. (1) Chapters 3, 5, and 12 of the Inline Pump Handbook; (2) Retention of Bronze Sleeves in Cylinder Blocks; (3) Key Dims program; and (4) Inline Part Matrix] all derive independent economic value from not being generally known to, and not readily available through proper means by the public.

Id.

Defendants first seek to preclude Furhman's testimony on the grounds that he is not qualified to render opinions as to whether the subject materials are trade secrets, because has not worked as a design engineer since 1968, and has not worked as an engineer for approximately thirty years. According to his curriculum vitae, Furhman received an engineering degree from Northrop University in 1961. Id. at Ex. 3. Thereafter, he worked for Abex Aerospace as a Design/Products Engineer in the area of hydraulic pumps and motors (1962-1968); as an Application Engineer (1969-1977); as the Product Manager/Director responsible for all hydraulic pump and motor proposals (1978-1983); and as the Vice President of Marketing/Contracts and Product Support, in which he negotiated agreements for hydraulic pumps (1983-1990). Id. He has also worked as a consultant in the area of hydraulic pump and motor design analysis and trouble shooting for Parker Aerospace (1994)

and for Kaiser Aerospace (1995), and he currently works as a consultant for the Society of Automotive Engineers ("SAE") in the area of aerospace hydraulic system accident investigation. Id. He has also been a member of the SAE since 1965, and has been a member of the United States delegation of International Standards Organization, which prepares standards for aerospace hydraulic pumps and motors, since 1984. Id.

The Court finds, based on his education and experience, that Furhman is qualified to testify as an expert witness. See FED. R. EVID. 702 (providing that a witness may be qualified as an expert based on "knowledge, skill, experience, training or education"). Accordingly, the Court finds that Defendants' Motion to Preclude, on the grounds that Furhman is not qualified to testify as an expert in this case, should be denied.

Second, Defendants argue that Fuhrman's opinions should be excluded because they are conclusory, are not based on a reliable methodology, and are prejudicial.  In support of this argument, Defendants contend that Furhman failed to identify the basis for his conclusions or the manner in which they were reached, failed to state the specific facts on which his opinions are based, failed to disclose whether his opinions are based on current literature or research, and failed to consider deposition testimony in a related civil case that Defendants claim directly contradicts his opinions. The Court finds that the arguments raised by Defendants relate to

the credibility of Furhman's opinions, and not their admissibility. Accordingly, the Court finds that Defendants' Motion to Preclude, on the grounds that Furhman's methodology is unsound, should be denied.  The Court additionally finds, as Defendants' Motion to Preclude could be decided on the pleadings, that their Motion for a <u>Daubert</u> Hearing should likewise be denied.

### IV.  Conclusion

For the forgoing reasons:

IT IS THEREFORE ORDERED that Defendants' Motion to Preclude Testimony of Government Expert Bruce L. Furhman or for <u>Daubert</u> Hearing [Docket No. 189] is hereby denied.

SO ORDERED this the 16th day of May, 2008.


<u>s/ William H. Barbour, Jr.</u>
UNITED STATES DISTRICT JUDGE